In re Albert HIRSH and Florence Hirsh, his wife, individually and as tenants by the entireties, Debtors.

Albert HIRSH and Florence Hirsh, h/w, Plaintiffs,

v.

Jonathan H. GANZ, Esquire, Interim Trustee

and

Home Unity Savings & Loan Association and Continental Bank and Albert Kornberg and D. J. Malatesta Associates, Inc. and Joseph F. & Gloria D. Brody and Claude A. Benevento, Defendants.

Bankruptcy No. 80–00788G.
Adversary No. 80–0606G.

United States Bankruptcy Court, E. D. Pennsylvania.

Jan. 23, 1981.

Marvin Krasny, Philadelphia, Pa., for debtors, Albert Hirsh and Florence Hirsh, his wife.

Jonathan H. Ganz, Philadelphia, Pa., Interim Trustee.

Albert Schlessinger, Philadelphia, Pa., for defendant, Albert Kornberg.

Arthur S. Klein, Ambler, Pa., for defendant, D. J. Malatesta Associates, Inc.

Barton L. Post, Post & Schell, P. A., Philadelphia, Pa., for Joseph F. and Gloria D. Brody, defendants.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The problem confronting us in the case at bench is whether a judgment creditor, whose lien on the debtors' residence has been avoided by an action brought by said debtors, has standing to require those debtors to bring an action to avoid a mortgagee's lien on that property.

The facts of the instant case are as follows:[1] On April 15, 1980, Albert and Florence Hirsh ("the debtors") filed a petition for relief under Chapter 7 of the Bankruptcy Code ("the Code"). In July the debtors obtained a buyer for their residence with whom they entered into an agreement of sale. On October 14, 1980, the debtors filed a complaint to sell their home free and clear of liens and to declare certain liens null and void or voided to the extent that they impaired the debtors' exemptions. In that complaint the debtors requested that they be permitted to sell their residence pursuant to the above agreement of sale and to pay the three mortgages on that property from the proceeds of the sale. The debtors claimed as exempt, under § 522(d)(1) of the Code,[2] the remainder (if any, up to $15,000) of the proceeds of said sale after payment of the mortgages. Because there were several judgment liens on the residence, the debtors sought to have those liens declared null and void under § 547[3] or to have those

---

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

2. Section 522(d)(1) permits a debtor to claim as exempt his interest, up to $7,500, in his residence. 11 U.S.C. § 522(d)(1). In a joint case, each debtor may claim that exemption. 11 U.S.C. § 522(m).

3. Section 547(b) provides:

(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of property of the debtor—
(1) to or for the benefit of a creditor;
(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
(3) made while the debtor was insolvent;
(4) made—
(A) on or within 90 days before the date of the filing of the petition; or
(B) between 90 days and one year before the date of the filing of the petition, if such creditor, at the time of such transfer—
(i) was an insider; and
(ii) had reasonable cause to believe the debtor was insolvent at the time of such transfer; and
(5) that enables such creditor to receive more than such creditor would receive if—
(A) the case were a case under chapter 7 of this title;
(B) the transfer had not been made; and
(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b). Section 547(f) provides that a debtor is presumed to have been insolvent for the 90 days prior to the filing of his petition. 11 U.S.C. § 547(f). Section 522(g) and (h) permit the debtor to avoid the transfer of property under § 547 if the trustee does not and if the debtor wishes to exempt that property. 11 U.S.C. § 522(g) and (h).

liens voided to the extent they impaired their $15,000 exemption under § 522(f)(1).[4]

In their answers to the complaint, the judgment lien creditors[5] admitted that their liens arose by the entries of judgments within 90 days of the filing of the debtors' petition. Moreover, at the trial, the lien creditors conceded their inability to rebut the presumption that the debtors were insolvent at the time the liens arose. Consequently, we concluded that the liens of the judgment creditors could be avoided by the debtors pursuant to § 547.[6]

The judgment lien creditors, however, asserted that, although their liens were avoided, they objected to the payment of the third mortgage could be avoided by the debtor (or trustee) pursuant to § 547 because the mortgage was given for past consideration, because the mortgagee was an insider as defined by § 101(25) of the Code (being the brother of the wife-debtor herein), and because the mortgage was given within one year of the filing of the debtors' petition.[7] The lien creditors further contended that, if the third mortgage was avoided and the sale of the property resulted in any money being left after the payment of costs, the first and second mortgage and the debtors' $15,000 exemption, then the judgment lien creditors would be entitled to any remaining balance of the purchase price since their liens are only avoided to the extent they impaired the debtors' exemption.

By agreement of the parties, we directed that the sale of the property be consummated and that the closing costs and first and second mortgages be paid. We further ordered that the balance of the proceeds be held by the title company in escrow pending a determination by us as to who is entitled thereto. After that sale, the attorney for the debtors filed a copy of the settlement sheet showing that there is a balance of $12,623.51 being held in escrow.

The question now presented is who is entitled to that money. We have already concluded that the debtors may avoid the liens of the judgment creditors to the extent that they impair the debtors' exemption. Since there remains only $12,623.51 from the proceeds of the sale and since the debtors are entitled to an exemption of $15,000 in their residence, we find that the judgment creditors would receive nothing even if the third mortgage was avoided. Therefore, we conclude that their liens are fully avoided and that they have no standing to request that the third mortgage be avoided.[8]

Furthermore, even if the judgment creditors did have such standing or if the debtors did seek to avoid the third mortgagee's interest in their residence, we deduce that the third mortgagee's interest is not avoidable under § 547(b). To be avoidable under that section, the mortgage must have been given for or on account of an antecedent debt.[9] In the case *sub judice* all of the

4. Section 522(f)(1) provides:
   (f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
   (1) a judicial lien.
   11 U.S.C. § 522(f)(1).

5. The judgment lien creditors herein are D. J. Malatesta Associates, Inc., Joseph F. and Gloria D. Brody, and Claude A. Benevento.

6. *See* note 3 *supra.* There also appeared to be no dispute by the judgment creditors that their liens were judicial liens and, therefore, avoidable by the debtors pursuant to § 522(f)(1). *See* note 4 *supra.*

7. Albert Kornberg is the third mortgagee with a mortgage in the amount of $15,000. For § 547(b), *see* note 3 *supra.*

8. *See In re Laird*, 6 B.R. 273 (Bkrtcy.E.D.Pa. 1980), in which we held that a lien creditor, whose lien had been avoided by the debtor, had no standing to complain if the debtor failed to avoid another creditor's lien on the same property. Since the first creditor's lien was avoided regardless of whether the other lien was avoided, the first creditor had no interest in the property and was not injured by the failure of the debtor to avoid the other creditor's lien.

9. 11 U.S.C. § 547(b)(2). *See* note 3 *supra.*

credible testimony presented at the trial shows that the third mortgage was given either for contemporaneous or future consideration. Therefore, we conclude that the third mortgage may not be avoided and that the third mortgagee is entitled to the proceeds of the sale.